PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>APPROXIMATELY $59,620.00 IN U.S. CURRENCY,<br><br>              Defendant. | 2:20-MC-00146-TLN-KJN<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On January 17, 2020, agents with the Drug Enforcement Administration ("DEA") contacted Trey Suy Lay ("Lay" or "claimant") at the Sacramento International Airport in Sacramento, California. Approximately $59,620.00 in U.S. Currency ("defendant currency") was seized from Lay during this encounter.

2.  The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about March 23, 2020, DEA received a claim from Esterine asserting an ownership interest in the defendant currency.

3.  The United States represents that it could show at a forfeiture trial that on January 17, 2020, agents with the DEA received information regarding suspicious travel by Lay, including the timing and manner of his ticket purchase. Law enforcement agents responded to the terminal, observed Lay exit the flight, and made contact with him in the baggage claim area. Lay approached the law enforcement officer

and stated the luggage they were holding was his.

4. The United States represents that it could further show at a forfeiture trial that law enforcement explained to Lay that a drug detection dog had alerted to his luggage indicating the presence of the odor of narcotics and asked and received consent from Lay to search his luggage. Upon opening the luggage, law enforcement observed 13 stacks of rubber-band bound U.S. Currency, comprised of $100.00 bills and $20.00 bills, within the pockets of several pairs of pants and jackets. Lay had a carry-on backpack in his possession as well. Law enforcement asked and received consent from Lay to search the backpack. Law enforcement asked Lay how much cash he was travelling with total and Lay stated that he thought it was about $30,000.00 within the suitcase and $30,000.00 within the backpack. Upon opening the backpack, law enforcement found a black coat within. Further examination of the black coat revealed two rubber band-bound stacks of U.S. Currency, each concealed within a separate front coat pocket of the black coat. Law enforcement also located a rubber band-bound stack of U.S. Currency contained within an inner pouch of the backpack. All three stacks of currency were comprised solely of $100.00 bills and $50.00 bills.

5. The United States represents that it could further show at a forfeiture trial that Lay and law enforcement spoke regarding the cash found in the suitcase. Law enforcement asked Lay why he had concealed the money hidden like that and Lay stated that he packaged it that way so it wouldn't be found. Law enforcement asked Lay what the source of the currency was and Lay stated that he had borrowed the money from his partner with whom he worked in the nail salon business. Lay further stated that he had brought the currency to California to open a nail salon. Law enforcement asked Lay what the name of his partner was and Lay refused to give any further information. Before Lay departed from the presence of agents and officers, Lay asked if he could take a picture of the evidence bag holding his currency and the DEA-12 receipt and stated that "I don't want them to think I stole it."

6. The United States represents that it could further show at a forfeiture trial that a drug detection dog alerted to the smell of narcotics on the cash seized from Lay's luggage.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimant specifically

denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Lay acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $37,120.00 of the Approximately $59,620.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $22,500.00 of the Approximately $59,620.00 in U.S. Currency shall be returned to claimant Trey Suy Lay through his attorney Isaac Safier.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California

1  Civil Code § 1542.

2      5.    No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

    6.    All parties will bear their own costs and attorney's fees.

    7.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: June 13, 2022

                                       Troy L. Nunley
                                       United States District Judge